No. 1829.

Second Circuit Appeal.

---

## THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION v. HAMNER, SMITH & CO.

(March 17, 1925, Opinion and Decree.)

———

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal—Par. 175.
Defendants can not appeal from a judgment wholly in their favor. Therefore the appeal is dismissed.

Appeal from Third Judicial District Court of Louisiana, Parish of Bienville. Hon J. E. Reynolds, Judge.

This is a suit to recover an insurance premium.

There was judgment for defendant and defendant appealed.

Suit dismissed.

W. U. Richardson, of Arcadia, attorney for plaintiff, appellee.

Foster R. Taylor, of Arcadia, attorney for defendant, appellant.

CARVER, J. Plaintiff sues defendants for $363.98, insurance premium on a certain insurance policy, and $277.53 insurance premium on another insurance policy, with five per cent per annum interest from the dates of the respective policies.

Defendants denied liability for the smaller premium and admitted liability for the larger one, except that they claimed interest was due, not from the date of the policy, August 12, 1919, but only from a subsequent date.

The testimony shows that on the day of trial, September 22, 1922, defendants made a tender to plaintiff, the amount of which is not shown, except that it is stated to have been of the amount of the policy (meaning, of course, premium) on policy W. C. 16003, this being the larger premium.

Judgment was rendered in favor of the plaintiff for the larger premium with 5% per annum interest from August 12, 1919, to September 22, 1922, and all costs of suit incurred prior to the trial, the judgment stating that a legal tender had been made at the trial, though without stating how much was tendered, and that the tender was sutained. The judgment further condemned plaintiff to pay the costs incurred on the day of trial.

Plaintiff took an order of appeal but did not perfect same.

Defendants moved for a new trial on the ground that the judgment as written and signed did not correspond with the judgment as orally rendered nor with plaintiff's petition, and the prayer of plaintiff's suit nor with the stipulations of the policy.

This motion was overruled and defendants took a devolutive appeal, the minute showing that the appeal was restricted to the amount of interest.

Construing the judgment as we do to mean that whatever was due on the larger premium, including interest thereon, was tendered by defendants and the tender sustained, the judgment appears to us to have been wholly in defendants' favor, wherefore they cannot appeal therefrom.

The appeal is accordingly dismissed.

Reynolds, Judge, being recused, took no part in the decision.